IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TERRANCE J. FEASTER, | : | Case No. 1:23-cv-98 |
| Plaintiff, | : : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| v. | : : | |
| WALTER SAMMONS, et al., | : : | |
| Defendants. | : | |

### ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 8)

This action is before the Court upon the Report and Recommendation of United States Magistrate Judge Peter B. Silvain, Jr. (Doc. 8), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that Plaintiff's First Amendment retaliation and Eight Amendment excessive force and/or failure to intervene claims against Defendants Officer Norman and Walter Sammons proceed. (*See* Report, Doc. 8.) The Magistrate Judge recommends that Plaintiff's remaining claims be dismissed. (*See id.*) Plaintiff objected to the Report. (*See* Objections, Doc. 14.) Thus, the matter is ripe for the Court's review.

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a government entity" and is proceeding *in forma pauperis*, the Magistrate Judge conducted an initial screening of the Complaint (Doc. 5). 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Under the initial screening process, the Court must dismiss a complaint, or any portion of it, upon a determination that the action is frivolous

or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See id.* When conducting this initial screening, the Court is limited to considering only those facts alleged in the complaint, along with any documents attached to it. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (when ruling under Rule 12(b)(6), a court generally may not consider any facts outside the complaint).

Plaintiff first objects to the the Magistrate Judge's recommendation that Plaintiff's First Amendment retaliation claim against Defendants Officer R. Jackson, Officer Carver R., and Officer T. Sherman be dismissed. (Objections, Doc. 14, Pg. ID 188.) The Magistrate Judge found that dismissal of this claim was appropriate because Plaintiff failed to assert any facts showing that he engaged in First Amendment protected activity. (Report, Doc. 8, Pg. ID 147.) In response, Plaintiff maintains that he engaged in protected conduct when he filed a grievance on behalf of another inmate. (Objections, Doc. 14, Pg. ID 188.) But the Complaint does not allege this fact. (*See* Compl., Doc. 5.) The Court cannot now consider this fact because it was not alleged in the original Complaint. *See Amini*, 259 F.3d at 502. Thus, the dismissal of Plaintiff's First Amendment retaliation claim against Defendants Jackson, Carver, and Sherman is proper.

Plaintiff additionally objects to the dismissal of his Eighth Amendment claim against Defendants Jackson, Carver, and Sherman. (Objections, Doc. 14, Pg. ID 188-89.) Plaintiff maintains that these Defendants engaged in conduct that "went beyond the scope of their responsibilities and job duties," noting that their conduct did not align with

2

Ohio Department of Rehabilitation and Correction policies or the Ohio Administrative Code. (*Id.*) However, as detailed by the Magistrate Judge, these allegations are insufficient to show that these Defendants engaged in unconstitutional conduct. (*See* Report, Doc. 8, Pg. ID 147-52.) Thus, the dismissal of Plaintiff's Eight Amendment retaliation claim against Defendants Jackson, Carver, and Sherman is appropriate.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon review, the Court finds that Plaintiff's Objections (Doc. 14) are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Silvain's Report and Recommendation (Doc. 8) in its entirety and **ORDERS** the following:

1. Plaintiff **MAY PROCEED** on his First Amendment retaliation and Eight Amendment excessive force and/or failure to intervene claims against Defendants Officer Norman and Walter Sammons; and

2. The remaining claims in Plaintiff's Complaint (Doc. 5) are **DISMISSED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

3